UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-00425 |
| | ) | |
| STATE OF NORTH CAROLINA; PATRICK MCCRORY, in his official capacity as Governor of North Carolina; NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; UNIVERSITY OF NORTH CAROLINA; and BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION
TO ENJOIN AUTOMATIC SUSPENSION OF FUNDS
RECEIVED UNDER THE VIOLENCE AGAINST WOMEN ACT**

The United States and Defendants North Carolina Department of Public Safety ("DPS"), the University of North Carolina ("UNC"), and Board of Governors of the University of North Carolina ("the Board") respectfully submit the following memorandum in support of their joint motion to prevent the automatic suspension of federal funds provided to DPS and UNC under the Violence Against Women Reauthorization Act of 2013 ("VAWA"), 42 U.S.C. § 3789d(c)(2)(E).

**PRELIMINARY STATEMENT**

In this action, the United States alleges that compliance with and implementation of provisions of North Carolina Session Law 2016-3, House Bill 2 ("H.B. 2") violate

1

certain federal civil rights statutes.[1] One of the United States' claims is brought under VAWA, which, among other things, prohibits recipients of federal funds administered by the Department of Justice's Office on Violence Against Women ("OVW") from engaging in discrimination based on sex and gender identity. Defendants UNC and DPS both receive federal funds made available under VAWA. VAWA requires that the Department of Justice shall automatically suspend those funds unless any party has obtained preliminary relief within 45 days of when the Attorney General commenced the instant action – *i.e.*, by June 23, 2016. *See* 42 U.S.C. § 13925(b)(13)(A) & (C) and 42 U.S.C. § 3789d(c)(2)(E).

The United States, UNC, the Board, and DPS agree that the automatic suspension of federal funds is not currently necessary to advance the United States' interest in enforcing VAWA; and, that if suspension took effect now, as the United States as a first resort pursues injunctive relief to prevent alleged VAWA violations, it would on balance harm the public interest. These parties, therefore, respectfully request the Court issue an order by June 23, 2016, relieving the Department of Justice of its obligation to suspend automatically payment of federal funds available to UNC and DPS.

---

[1] Defendants UNC and UNC Board of Governors dispute that they have engaged in any actions to implement H.B. 2 that violate VAWA or the other federal statutes that are the subject of the Government's complaint. Similarly, DPS disputes that it has in any way violated VAWA or any other statute or regulation.

## STATEMENT OF FACTS

Defendants UNC and DPS both receive federal financial assistance in the form of grants awarded by OVW. DPS receives funding under two OVW-administered formula grant programs, the Sexual Assault Services Formula Grant Program (SASP Formula Program) and the Services*Training*Officers*Prosecutors (STOP) Violence Against Women Formula Grant Program (STOP Program). The SASP Formula Program makes awards to states and territories to support rape crisis centers and other nongovernmental or tribal programs to assist individuals who have been victimized by sexual assault. 42 U.S.C. § 14043g(b)(1). STOP Formula awards assist states, territories, and their subgrantees to develop and strengthen effective law enforcement and prosecution strategies to combat violent crimes against women, and to develop and strengthen victim services in cases involving such violent crimes. 42 U.S.C. § 3796gg(a). By statute, states receiving STOP awards must certify that not less than 30 percent of a STOP award shall be allocated for victim services. *Id*. § 3796gg-1(c)(4)(C). Certain UNC constituent institutions receive funding under OVW's Grants to Reduce Sexual Assault, Domestic Violence, Dating Violence, and Stalking on Campus Program ("Campus Program"), a program designed, in part, to combat violent crimes against women on campuses. *See* 42 U.S.C. § 14045b(a)(1). All three grant programs are aimed at responding to violent crime and providing services to victims. In particular, the SASP Formula Program focuses on serving victims of sexual assault and their families; the STOP Program funds services for victims of domestic violence, dating violence, sexual assault, and stalking, as well as

3

court, prosecution, and law-enforcement activities. The Campus Program funds victims' services as well as prevention activities.

H.B. 2 became effective on March 23, 2016. H.B. 2 provides that "[p]ublic agencies," including UNC and DPS, "shall require every multiple-occupancy bathroom or changing facility to be designated for and only used by persons based on their biological sex." N.C. Gen. Stat. § 143-760. On May 9, 2016, the United States filed a civil action in this Court against all Defendants. *See* Complaint, ECF No. 1. With respect to Defendants UNC and DPS, the United States' Complaint alleges (1) that both those Defendants currently receive federal funds under VAWA, *id.* paras. 8, 9, and (2) that both those Defendants, by complying with H.B. 2, are engaged in discrimination on the basis of sex and gender identity in violation of VAWA, *id*. para. 56.

## QUESTION PRESENTED

Whether the Court should issue an order relieving the Department of Justice of its obligation to suspend automatically federal funds paid to UNC and DPS pursuant to 42 U.S.C. § 13925(b)(13)(A) & (C) and 42 U.S.C. § 3789d(c)(2)(E).

## ARGUMENT

The Court should exercise its authority to relieve the Department of Justice of its obligation to suspend federal funds within 45 days of the filing of the United States' complaint alleging that DPS and UNC are in violation of VAWA. Automatic suspension of federal funds in this case, at this time, is not necessary to advance the United States' interest in enforcing VAWA's non-discrimination principle and would, on balance, harm the public interest by depriving victims of domestic violence, sexual assault, dating

4

violence, and stalking (the beneficiaries of grant funding under VAWA) of important services.

Where, as here, the Attorney General brings a civil action to enforce the non-discrimination provisions of VAWA, the statute contemplates, as a default matter, that the Department of Justice should suspend certain grant funding under VAWA automatically within 45 days of the filing of the complaint. *See* 42 U.S.C. § 13925(b)(13)(A) & (C) (referencing the Attorney General's enforcement authority as set forth at 42 U.S.C. § 3789d(c)(2)(E)). The enforcement mechanisms for VAWA's non-discrimination provisions are set forth at 42 U.S.C. § 3789d(c), which specifically provides that "[w]henever the Attorney General files a civil action alleging a pattern or practice of discriminatory conduct . . . in any program or activity of a State government or unit of local government which . . . receives funds made available under this chapter, and the conduct allegedly violates the provisions of this section," the Department shall suspend further payment of funds to the specific program or activity "alleged by the Attorney General to be in violation of the provisions of this subsection." 42 U.S.C. § 3789d(c)(2)(E).

The statute further contemplates that, in some cases, automatic suspension of grant funding may not be appropriate and, therefore, provides a mechanism for the court to order relief from this provision on motion of any party. *Id.* § 3789d(c)(2)(E). *See also* 28 C.F.R. § 42.215(b)(1). Such relief must be ordered within 45 days of the filing of the complaint to prevent triggering of the statute's automatic-suspension provision. *Id.*

In determining whether to enjoin the automatic suspension of federal funds under 42 U.S.C. § 3789d, courts have applied the standard governing preliminary injunctions. *See United States v. Commonwealth of Virginia*, 569 F.2d 1300, 1303 (4th Cir. 1978) ("[T]he appropriate standard for determining when to grant preliminary relief is the standard normally applied in granting preliminary injunctions."); *United States v. Los Angeles*, 595 F.2d 1386, 1389 (9th Cir. 1979) (same).[2] In this Circuit, preliminary relief is appropriate where (1) there is a likelihood of success on the merits; (2) the movant will suffer irreparable harm absent preliminary relief; (3) the balance of equities tips in favor of an injunction; and (4) the injunction is in the public interest. *See League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014).

Here, all relevant factors weigh in favor of the requested relief. First, the "likelihood of success" factor is of dubious value in light of the joint nature of this motion. When courts have considered this factor in the context of a contested motion, it has been to understand whether a defendant funding recipient is likely to prevail against

---

[2] Courts applying the preliminary injunction standard in this context were considering contested motions brought by a defendant funding recipient in cases where the United States sought suspension of federal funding both as a preliminary matter and as the ultimate relief in the case. *See, e.g.*, *Los Angeles*, 595 F.2d at 1389 (U.S. appeal from order enjoining suspension of funds); *United States v. Rhode Island*, 81-CV-216, 1981 WL 300, at *1 (D. N.H. Nov. 13, 1981) (defendant's motion to restore suspended funds); *United States v. County of Milwaukee*, 449 F. Supp. 949, 950 (E.D. Wis. 1978) (defendant's motion to enjoin suspension of funding). The standard is arguably inapposite where, as here, the United States, as the provider of funding, and the Defendants, as recipients, jointly seek relief from the automatic suspension of funding. Indeed, no court has ever applied the preliminary injunction standard in such a situation. Because the parties' joint motion satisfies the standard, however, it is not necessary for the Court to determine whether a lesser standard should apply here—*e.g.*, whether the motion is in the interest of justice.

6

the United States' claim of discrimination and therefore likely to retain federal funds under status quo conditions. In this case, however, the United States is not requesting suspension of federal funds as an initial matter, but rather is seeking an injunction to prevent further alleged violations of law while allowing federal funding to continue. The United States has determined that remedies other than suspension of funding are better suited to address this alleged violation of federal law at this time and therefore seeks an injunction that Defendants comply with federal law rather than suspension of funds.

The remaining factors also all weigh in favor of granting the requested relief. The specific programs supported through the federal funding at issue—rape crisis centers, other victim service providers, educational programs, prosecution, and law enforcement—are directed at supporting victims of domestic violence, sexual assault, dating violence, and stalking and therefore are beneficial to the health and safety of vulnerable residents of North Carolina. *See, e.g.*, *de Jesus Paiva v. Aljets*, 03-CV-6075, 2003 WL 22888865, at *7 (D. Minn. Dec. 1, 2003) (noting that Congress's passage of VAWA reflects a "strong indication of the public interest in protecting battered women and children"). Terminating funding to such programs, at this stage of the case, would undermine the interests of both the United States and the Defendants in promoting public health and safety and would be contrary to the public interest.

Finally, the balance of equities favors granting the motion. The equities favoring continuation of funding for these important programs have been made clear in the paragraphs above. The equity generally favoring termination of funds is the United States' interest in enforcing the non-discrimination mandate of VAWA. But, by its

7

prayer for relief in the Complaint filed in this case, the United States has signaled its determination that the non-discrimination mandate of VAWA is better served at this time by an injunction preventing further violations of federal non-discrimination law in lieu of terminating federal funds.

## CONCLUSION

For the foregoing reasons, the United States, the North Carolina Department of Public Safety, the University of North Carolina, and the Board of Governors of the University of North Carolina jointly move this Court to issue an order relieving the Department of Justice of its obligation pursuant to 42 U.S.C. § 13925(b)(13)(A) & (C) and 42 U.S.C. § 3789d(c)(2)(E) automatically to suspend federal funds paid to UNC and DPS. The parties respectfully request that the Court grant this relief no later than June 23, 2016.

Respectfully submitted this 10th day of June, 2016

*For the United States*:

SHAHEENA SIMONS
Chief
Educational Opportunities Section

DELORA L. KENNEBREW
Chief
Employment Section

COREY L. STOUGHTON
Senior Counsel

LORI B. KISCH
WHITNEY PELLEGRINO
Special Litigation Counsel

    /s/ Sean R. Keveney
DWAYNE J. BENSING
TOREY B. CUMMINGS
SEAN R. KEVENEY
CANDYCE PHOENIX
TARYN WILGUS NULL
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Phone: (202) 353-4081
Facsimile: (202) 514-1116
E-mail: sean.r.keveney@usdoj.gov

*For the Defendants*:

   s/ Carolyn C. Pratt
Carolyn C. Pratt
The University of North Carolina
P.O. Box 2688
Chapel Hill, NC 27515
Tel: (919) 962-3406
Email: ccpratt@northcarolina.edu

   s/ Noel J. Francisco
Noel J. Francisco
Glen D. Nager
James M. Burnham
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Tel: (202) 879-3939
Email: njfrancisco@jonesday.com

BOWERS LAW OFFICE LLC

/s/ Karl S. Bowers, Jr.
Karl S. Bowers, Jr.*
Federal Bar #7716
P.O. Box 50549
Columbia, SC 29250
Telephone: (803) 260-4124
E-mail: butch@butchbowers.com

9

*appearing pursuant to Local Rule 83.1(d)
*Counsel for Governor Patrick L. McCrory*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-425 |
| | ) | |
| STATE OF NORTH CAROLINA; PATRICK MCCRORY, in his official capacity as Governor of North Carolina; NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; UNIVERSITY OF NORTH CAROLINA; and BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

I certify that on June 9, 2016, I caused a copy of the foregoing to be sent via the Court's ECF system to the following:

NOEL J. FRANCISCO
JAMES M. BURNHAM
GLEN D. NAGER
Jones Day
51 Louisiana Ave., N.W.
Washington, D.C. 20001
202-879-5485
Fax: 202-626-1700
Email: njfrancisco@jonesday.com

CAROLYN C. PRATT
University of North Carolina
POB 2688
Chapel Hill, NC 27517-2688
919-962-3406
Fax: 919-962-0477
Email: ccpratt@northcarolina.edu

KARL S. BOWERS , JR.
Bowers Law Office, LLC

POB 50549
Columbia, SC 29250
803-260-4124
Email: butch@butchbowers.com

ROBERT C. STEPHENS
Office of the General Counsel
Office of the Governor
116 W. Jones Street
Raleigh, NC 27699
919-814-2026
Email: bob.stephens@nc.gov

WILLIAM WOODLEY STEWART , JR.
BRENNAN TYLER BROOKS
FRANK J. GORDON
Millberg Gordon & Steward, P.L.L.C.
1101 Haynes St., Ste. 104
Raleigh, NC 27604
919-836-0090
Fax: 919-836-8027
Email: bstewart@mgsattorneys.com

AMAR MAJMUNDAR
OLGA E. VYSOTSKAYA DE BRITO
N. C. Department of Justice
POB 629
Raleigh, NC 27602-0629
919-716-6821
Fax: 919-716-6759
Email: amajmundar@ncdoj.gov

JON W. DAVIDSON
Lamda Legal Defense and Education Fund, Inc.
4221 Wilshire Blvd., Ste 280
Los Angeles, CA 90010
213-382-7600 X229
Fax: 213-351-6050
Email: jdavidson@lambdalegal.org

STUART K. DUNCAN
SCHAERR DUNCAN LLP
1717 K ST., NW, Ste. 900
Washington, D.C. 20006
202-714-9492
Fax: 571-730-4429

Email: KDuncan@Schaerr-Duncan.com

ROBERT D. POTTER , JR.
5821 Fairview Rd., Ste. 207
Charlotte, NC 28209
704-552-7742
Fax: 704-552-9287
Email: rdpotter@bellsouth.net

      /s/ Sean R. Keveney
SEAN R. KEVENEY