IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOAQUIN CARCAÑO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PATRICK McCRORY, in his official capacity as Governor of North Carolina, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | 1:16CV236 |
| and | ) | |
| | ) | |
| PHIL BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate; and TIM MOORE, in his official capacity as Speaker of the North Carolina House of Representatives, | ) | |
| | ) | |
| Intervenor-Defendants. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NORTH CAROLINA, et al., | ) | |
| | ) | |
| Defendants, | ) | 1:16CV425 |
| | ) | |
| and | ) | |
| | ) | |
| PHIL BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate; and TIM MOORE, in his official capacity as Speaker of the North Carolina House of Representatives, | ) | |
| | ) | |
| Intervenor-Defendants. | ) | |

```
PHIL BERGER, in his official      )
capacity as President Pro         )
Tempore of the North Carolina     )
Senate; and TIM MOORE, in his     )
official capacity as Speaker      )
of the North Carolina House of    )
Representatives,                  )
                                  )     1:16CV844
      Plaintiffs,                 )
                                  )
      v.                          )
                                  )
UNITED STATES DEPARTMENT OF       )
JUSTICE, et al.,                  )
                                  )
      Defendants.                 )
                                  )
NORTH CAROLINIANS FOR PRIVACY,    )
an unincorporated nonprofit       )
association,                      )
                                  )
      Plaintiff,                  )
                                  )     1:16CV845
      v.                          )
                                  )
UNITED STATES DEPARTMENT OF       )
JUSTICE, et al.,                  )
                                  )
      Defendants.                 )
```

**ORDER**

On July 13, 2016, the court held a telephonic conference with the parties, proposed intervenors, and amici in these four related cases regarding North Carolina's Public Facilities Privacy & Security Act, 2016 N.C. Sess. Laws 3, commonly known as House Bill 2, cases 1:16CV236, 1:16CV425, 1:16CV844, and 1:16CV845 (collectively, the "HB2 cases"). The purpose of this order is to finalize and memorialize the decisions reached by the court after consultation with the parties during the telephonic conference. As a matter of convenience only, the court enters this order captioned in all four cases.

Having fully considered the various positions of all interested participants,

IT IS ORDERED as follows:

1. The parties in case 1:16CV236 shall appear before the court on Monday, August 1, 2016, at 10:00 a.m. in Courtroom number 1 of the Hiram H. Ward Federal Building, Winston-Salem, North Carolina, for a hearing on the Carcaño plaintiffs' motion for preliminary injunction (Doc. 21 in case 1:16CV236) and the UNC Defendants' motion to stay proceedings against them (Doc. 38 in case 1:16CV236). Upon request of the United States and without objection, counsel for the United States may participate in the hearing. No party has indicated a desire to offer evidence at the hearing, so the court anticipates that it will be limited to oral argument on the record as submitted.

2. Although the Carcaño plaintiffs' motion for preliminary injunction is ready for consideration, the United States only recently filed its motion for preliminary injunction, and briefing on it is not scheduled to be complete until early August. Moreover, Defendants have argued that they should be entitled to conduct discovery prior to that motion being heard such that the court would not likely reach consideration of the motion until mid-September 2016 at the earliest. All parties have indicated an ability to be ready for a trial on the merits in these cases by late October or November 2016. So as not to delay consideration of the Carcaño plaintiffs' motion for preliminary injunction but in order to timely reach the issues raised by the United States' motion while avoiding multiple, piecemeal considerations of the overlapping and closely-related issues in these cases,

the court deems it appropriate to exercise its discretion pursuant to Federal Rule of Civil Procedure 65(a)(2) to advance the trial on the merits of all claims, defenses, and counterclaims in the United States' action to be consolidated with the hearing on the United States' motion for preliminary injunction (Doc. 73 in case 1:16CV425).  See <u>Citizens Concerned for Separation of Church and State v. City & Cty. of Denver</u>, 628 F.2d 1289, 1298–99 (10th Cir. 1980) (observing that Rule 65(a)(2) was "designed to efficiently expedite final disposition of an injunctive action" and generally allows the court to save "considerable time at trial"); 11A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2950 (3d ed.); <u>see also</u>  <u>Singleton v. Anson Cty. Bd. of Ed.</u>, 387 F.2d 349, 350 (4th Cir. 1967) (per curiam) (approving of the trial court's decision to avoid "piecemeal vindication of civil rights by way of preliminary injunction"). Accordingly, trial in all four HB2 cases will take place in late October or early November 2016, depending on the pretrial schedule to be determined by the United States Magistrate Judge after consultation with the parties.  This schedule will permit the court to expeditiously address the claims and defenses in the United States' action, as well as those in the related HB2 cases, without undue prejudice to the parties while providing for a timely resolution of the cases based on a complete record following a full trial on the merits.  To that end, the Magistrate Judge may exercise her discretion to consolidate the HB2 cases for discovery to the extent warranted by the efficient administration of justice.  The court will decide at a later time whether consolidation for trial, and under what conditions, is appropriate.

3. To effectuate a complete and final resolution of all of issues and claims in these cases as soon as practicable, the United States Magistrate Judge shall promptly meet with all parties, proposed intervenors, and amici in the HB2 cases to set a combined schedule for discovery that renders these HB2 cases ready for trial by late October or November 2016.

4. In an effort to simplify these cases, the parties shall meet and confer to determine whether they can reach consensus to eliminate the overlapping claims of (1) intervenors Senator Berger and Representative Moore that appear both as counterclaims in cases 1:16CV236 and 1:16CV425 and also by way of complaint in the separate action for declaratory judgment in case 1:16CV844, and (2) North Carolinians for Privacy's pending motion to intervene in the United States' case (Doc. 58 in case 1:16CV425) and North Carolinians for Privacy's separate declaratory judgment action in case 1:16CV845. The parties shall file a short joint notice with the court identifying any agreements reached and explaining their respective positions no later than 5:00 p.m. on July 22, 2016.

                                          /s/   Thomas D. Schroeder
                                  United States District Judge

July 14, 2016