IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOAQUIN CARCAÑO, et al.,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>PATRICK McCRORY, et al.,<br>　　　　Defendants,<br><br>　and<br><br>PHIL BERGER and TIM MOORE,<br>　　　　Intervenor-Defendants.<br>_____ | 1:16CV236 |
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NORTH CAROLINA, et al.,<br>　　　　Defendants,<br><br>　and<br><br>PHIL BERGER and TIM MOORE,<br>　　　　Intervenor-Defendants.<br>_____ | 1:16CV425 |
| PHIL BERGER and TIM MOORE,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE, et al.,<br>　　　　Defendants.<br>_____ | 1:16CV844 |

| NORTH CAROLINIANS FOR PRIVACY, | |
|---|---|
| Plaintiff, | |
| v. | 1:16CV845 |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., | |
| Defendants. | |

## ORDER

This matter came before the Court for a Pretrial Scheduling Conference in the above-captioned cases on July 22, 2016. Prior to the hearing, the parties in cases 1:16CV236 and 1:16CV425 filed a Joint Rule 26(f) Report, agreeing that those cases should be consolidated for purposes of discovery. The parties in case 1:16CV845 filed individual Rule 26(f) Reports [Docs. #41 and #42]. The parties in case 1:16CV844 did not file Rule 26(f) Reports, in light of their intent to dismiss that case by stipulation in view of the fact that the same claims are proceeding as counterclaims in 1:16CV425.[1]

At the hearing, the Court addressed whether North Carolinians for Privacy v. United States Dep't of Justice, et al., 1:16CV845, (the "NC for Privacy 845" case) could be consolidated with cases 1:16CV236 (the "Carcaño 236" case) and 1:16CV425 (the "United States 425" case) for discovery purposes. The United States opposed consolidation, arguing that the NC for Privacy 845 case presents distinct issues which are more properly addressed

---

[1] The Court notes that a stipulation of dismissal has not yet been filed in 1:16CV844, and the Court therefore enters this Order in that case as well. However, based on the representations of the parties, the Court anticipates that 1:16CV844 will be dismissed, with the counterclaims by the Intervenor Defendants proceeding in 1:16CV425, and with the United States reserving its right to raise any available defenses to the counterclaims. Any such stipulated or voluntary dismissal in 1:16CV844 should be filed by July 29, 2016.

2

on a separate schedule. However, it appears that the claims raised in the N.C. for Privacy 845 case overlap with counterclaims raised by the Intervenor Defendants in the United States 425 case. The Court, determining that efficiency would best be served by setting this case on the same discovery schedule as the Carcaño 236 case and United States 425 case, presented the United States with two options. Under the first option, the Court would recommend that the District Judge grant North Carolinians for Privacy's pending Motion to Intervene in the United States 425 case, which would allow North Carolinians for Privacy to assert its claims as counterclaims, resulting in termination of the separate N.C. for Privacy 845 case. Under the second option, the N.C. for Privacy 845 case would remain as its own case on the docket, the Court would consolidate the case with the Carcaño 236 case and the United States 425 case for purposes of discovery, and North Carolinians for Privacy would withdraw its pending Motion to Intervene in the United States 425 case. The United States elected the latter option, and North Carolinians for Privacy consented to withdrawing its Motion to Intervene in the United States 425 case, in light of the determination that the N.C. for Privacy 845 case would be consolidated with the Carcaño 236 case and the United States 425 case for discovery purposes. Accordingly, cases 1:16CV236, 1:16CV425, and 1:16CV845 will proceed as separate cases but will be consolidated for discovery, and the Court will adopt the following discovery schedule to govern all three cases, pursuant to Rule 26 of the Federal Rules of Civil Procedure:

1. The date for completion of all discovery is <u>October 7, 2016</u>.
2. <u>Initial Disclosures</u>: Initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) will be exchanged by <u>August 5, 2016</u>, as set out in the Joint Report.

3

Case 1:16-cv-00845-TDS-JEP   Document 44   Filed 07/25/16   Page 3 of 9

3. <u>Expert Disclosures</u>: Disclosure of the identity of any expert witness and each specific topic area upon which each expert intends to present evidence shall be exchanged by <u>August 5, 2016</u>. Any party to these actions reserves the right to identify rebuttal experts, to be identified no later than one week after production of affirmative expert reports. Expert reports and disclosures required under Rule 26(a)(2)(A)-(C) shall be due from all parties on <u>August 12, 2016</u>. Plaintiffs may designate any or all of the declarations submitted in support of their preliminary injunction motions as expert reports. Rebuttal expert reports from all parties shall be due on or before <u>September 9, 2016</u>. Rebuttal reports shall be limited to opinions directly responsive to affirmative expert reports.

4. Supplementations required by Rule 26(e) are due <u>September 16, 2016</u>.

5. <u>Requests for Production of Documents</u>: Initial requests for production of documents will be served by <u>August 12, 2016</u>. Responses and objections to document requests shall be served no later than fourteen (14) days after service of document requests. The parties agree to make rolling productions of any available responsive documents starting no later than fourteen (14) days after service of document requests and to complete document productions no later than thirty (30) days after service of document requests. All requests must be served in time for document production to be completed by <u>September 26, 2016</u>. Further, the parties will meet and confer on or before <u>August 19, 2016</u> regarding the production of electronic discovery.

4

6. <u>Interrogatories and Requests for Admission</u>: Each side in each case[2] may serve up to twenty-four (24) interrogatories on the other side. Each side in each case may serve up to fifty (50) requests for admission on the other side. Responses to interrogatories and requests for admission shall be due within fifteen (15) days of service.

7. <u>Preliminary Deposition Schedule</u>: The parties shall meet and confer on or before <u>August 8, 2016</u> regarding potential limitations on the number and duration of depositions. Fact depositions shall take place from <u>August 15, 2016 through September 23, 2016</u>. Expert depositions shall take place from <u>September 5, 2016 through October 7, 2016</u>.

8. <u>Amendments</u>: The parties shall have until <u>August 15, 2016</u> to move for leave to amend the pleadings.

9. <u>Dispositive and *Daubert* Motions</u>: Any dispositive motions and *Daubert* motions shall be filed on or before <u>October 14, 2016</u>. Any responses are due by <u>October 28, 2016</u>, with any replies due by <u>November 4, 2016</u>.[3]

---

[2] With respect to the discovery limits and obligations set out here, North Carolinians for Privacy will be considered part of the Defendant group in 1:16CV425, and the Defendants in the N.C. for Privacy 845 case will be considered part of the Plaintiff group in 1:16CV425, as discussed during the scheduling hearing. Thus, for purposes of these discovery limits, "each case" refers to the Carcaño 236 case and the United States 425 case.

[3] As discussed at the hearing, the parties remain free to file dispositive motions prior to October 14, 2016, in which case the response and reply times would be governed by the Local Rules. To the extent the filing or responding party would request a different response time, any such request must be made in a separate motion to the Court. However, and in any event, to the extent the Local Rules would supply a response or reply time later than those set out here (October 28 and November 4, respectively), the response and reply times set out in this Order will govern, so that all responses to dispositive motions are filed no later than October 28, 2016, and all replies are filed no later than November 4, 2016. The Court also notes that if any dispositive motions are filed early, the Court will determine whether the issues raised are best addressed with all of the other matters raised in the dispositive motion briefing on the schedule set out here. Thus, the Court may elect to wait and consider all of the matters together, unless there is a specific basis for considering a matter earlier. Along these

10. Non-*Daubert* Motions in Limine: Any motions in limine shall be filed no later than October 26, 2016, with any response due by November 2, 2016. No reply briefs are anticipated.

11. Exhibit and Witness Lists and Deposition Designations: Exhibit and witness lists and deposition designations shall be filed no later than October 24, 2016. Any objections thereto, as well as any counter-designations, shall be filed no later than November 2, 2016.

12. Pre-Trial Briefs: The parties shall submit pre-trial briefs no later than November 7, 2016. No opposition briefs shall be allowed.

13. Trial Date and Length: Trial shall commence on November 14, 2016. The parties estimate trial to last approximately one week, and no more than eight trial days. The trial judge may make modifications or impose particular limitations regarding trial, and the trial judge will also determine whether the cases should be tried jointly and how they should be organized and presented for trial.

At the July 22, 2016 hearing, the Court also addressed several Motions that remain pending in the Carcaño 236 case and the United States 425 case. In the Carcaño 236 case, Defendant Patrick McCrory previously filed a Motion for Leave to Conduct Expedited Discovery [Doc. #52] on issues raised in Plaintiffs' Motion for Preliminary Injunction. In

---

lines, and as noted at the hearing, to the extent the United States would intend to challenge the ability of any defendant to properly assert a counterclaim, it appears that such challenges would be most efficiently presented to the Court as part of the dispositive motion briefing set forth in the discovery schedule.

6

light of the discovery schedule set forth above and the District Judge's July 14, 2016 Order setting the Preliminary Injunction hearing for August 1, 2016, Defendant McCrory agreed that the Motion for Expedited Discovery was now moot, and to the extent Defendants would request discovery on the schedule set out here prior to any ruling on the preliminary injunction request, those matters can be addressed at the August 1, 2016 hearing.

In addition, also pending is Plaintiffs' Motion to Strike Defendant-Intervenors Phil Berger and Tim Moore's ("Legislative Intervenors") Counterclaims [Doc. #82] in the Carcaño 236 case. As noted at the hearing, and as reflected in the July 22, 2016 Joint Notice filed by the Parties, the Carcaño Plaintiffs and Legislative Intervenors have stipulated to the dismissal of the counterclaims as asserted against the individual Carcaño Plaintiffs, but the counterclaims against Plaintiff ACLU remain. At the hearing, the Court inquired as to the need for affirmative claims against the ACLU, and the parties represented that they would meet and confer to determine whether the counterclaims against the ACLU could be construed as affirmative defenses, which would moot the Motion to Strike but would allow consideration of the issues as defenses. <u>The parties should confer and attempt to resolve this issue prior to the July 29, 2016 response deadline on the Motion to Strike.</u>

Further, Defendants McCrory, the State of North Carolina, and the North Carolina Department of Public Safety in the United States 425 case noted that there is pending litigation in the Eastern District of North Carolina ("EDNC") in which they have asserted affirmative claims as plaintiffs against the United States. The parties indicated that it may be that the affirmative claims in the EDNC case are sufficiently addressed by the counterclaims in the

7

United States 425 case in this District, and the parties are continuing their discussions regarding that issue.

In the United States 425 case, the Legislative Intervenors filed a Motion for Extension of Time [Doc. #97] to respond to the United States' Motion for Preliminary Injunction, in light of the fact that the District Judge has now advanced the trial on the merits in this action to be consolidated with the hearing on the United States' Motion for Preliminary Injunction. (July 14, 2016 Order [Doc. #93] at 3-4.)[4] At the July 22, 2016 hearing, the United States indicated a willingness to come to an agreement with the Legislative Intervenors regarding a briefing schedule, if the extension of time were ultimately allowed. <u>By Order entered on July 25, 2016, the District Judge granted the requested extension of time. Therefore, as set out in that Order, by July 29, 2016, the parties should file a Joint Statement setting out their proposal, jointly if possible and separately if they cannot reach agreement, for the briefing of the preliminary injunction motion in light of the schedule set out herein.</u>

At the hearing on July 22, 2016, the Legislative Intervenors further noted that they were not requesting a jury trial, and that their request for a jury trial in the Carcaño 236 case and in the United States 425 case should be deemed withdrawn. All parties agreed that these cases should be set for a bench trial, and no party was requesting a jury trial. Therefore, the trial setting for November 14, 2016, is for bench trial.

---

[4] The Court notes that the United States has filed a Notice indicating that it would waive its right to file a reply brief in support of its Motion for Preliminary Injunction. As discussed at the July 22, 2016 hearing, to the extent the United States is requesting that it be heard on its preliminary injunction motion at the August 1 hearing, it appears that the United States would need to file a formal motion making such a request.

Finally, at the July 22, 2016 hearing, the Court also set periodic status conferences to take place throughout the expedited discovery period, in order to ensure that these cases remain on schedule for trial in early November. Specifically, the Court scheduled these cases for a status conference at 10:00 a.m. on August 19, 2016, September 2, 2016, September 16, 2016, and September 30, 2016. On the Wednesday prior to each status conference, the parties must file a Joint Notice setting forth any issues for resolution or discussion at the hearing. If the Court determines that a telephone conference would not be conducive to resolving the issues presented, the Court may instead require the parties to appear for the hearing. If the parties have no issues for the Court to resolve, they can indicate as much in their Joint Notice, or inform the case manager directly that they will not need a hearing.

To the extent not set out otherwise herein, the Court adopts the agreements of the parties included in the Joint Rule 26(f) Report.

IT IS THEREFORE ORDERED that the Court adopts the Joint Rule 26(f) Report and the discovery schedule set forth above.

IT IS FURTHER ORDERED that this matter is set for telephonic conferences at 10:00 a.m. on August 19, 2016, September 2, 2016, September 16, 2016, and September 30, 2016.

This, the 25th day of July, 2016.

                                                      /s/ Joi Elizabeth Peake
                                                  United States Magistrate Judge