```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA,        )
                                 )
     Plaintiff,                  )
                                 )
     v.                          )
                                 )
STATE OF NORTH CAROLINA, et      )
al.,                             )
                                 )
     Defendants,                 )
                                 )
     and                         )      1:16CV425
                                 )
PHIL BERGER, in his official     )
capacity as President Pro        )
Tempore of the North Carolina    )
Senate; and TIM MOORE, in his    )
official capacity as Speaker     )
of the North Carolina House of   )
Representatives,                 )
                                 )
     Intervenor-Defendants.      )
```

## MEMORANDUM ORDER

Before the court is Steven-Glenn: Johnson's pro se motion to intervene in this constitutional and statutory challenge to portions of North Carolina's Public Facilities Privacy & Security Act, 2016 N.C. Sess. Laws 3, commonly known as House Bill 2 ("HB2"). (Docs. 34.) Johnson seeks to intervene as of right, pursuant to Federal Rule of Civil Procedure 24(a) or, in the alternative, permissively pursuant to Rule 24(b). The United States and all of the original, non-intervenor defendants oppose Johnson's motion. (Docs. 63, 65, 67.) For the reasons set forth below, the motion will be denied.

I.  BACKGROUND

The North Carolina General Assembly passed HB2 on March 23, 2016, and Governor Patrick L. McCrory signed the bill into law later that day.  2016 N.C. Sess. Laws 3.  Among other things, HB2 states that multiple occupancy bathrooms and changing facilities, including those managed by local boards of education, must be "designated for and only used by persons based on their biological sex."  Id.  The law also sets statewide nondiscrimination standards, preempting local and municipal ordinances that conflict with these standards.  Id.

Almost immediately, HB2 sparked multiple overlapping federal lawsuits.  On March 28, 2016, the American Civil Liberties Union of North Carolina, Equality North Carolina, and several individual plaintiffs (collectively, the "ACLU plaintiffs") filed an action in this court against Governor McCrory (in his official capacity), the University of North Carolina and its Board of Governors (collectively, "UNC"), and Attorney General Roy Cooper alleging that HB2 discriminates against transgender, gay, lesbian, and bisexual individuals on the basis of sex, sexual orientation, and transgender status in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. ("Title IX"), as well as the Equal Protection and Due Process clauses of the Fourteenth Amendment to the United States Constitution.  (Doc. 1 in case no.

2

1:16CV236 (the "236 case").)[1]

On May 9, 2016, the United States filed this action against the State, Governor McCrory (in his official capacity), the North Carolina Department of Public Safety ("NCDPS"), and UNC, seeking a declaration that compliance with HB2's provisions relating to multiple-occupancy bathrooms and changing facilities constitutes sex discrimination in violation of Title IX, the Violence Against Women Reauthorization Act of 2013, 42 U.S.C. § 13925(b)(13) ("VAWA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and requesting an injunction against enforcement of the law. (Doc. 1.)

That same day, State officials filed two separate declaratory actions in the Eastern District of North Carolina. Governor McCrory and NCDPS filed an action against the United States and the United States Department of Justice ("DOJ"), seeking a declaration that HB2 does not violate Title VII or VAWA (case no. 5:16cv238 (the "238 case")). Meanwhile, Senator Berger and Representative Moore filed a separate lawsuit against the DOJ on behalf of the General Assembly, seeking a declaration that HB2 does not violate Title VII, Title IX, or VAWA, as well as declarations that DOJ had violated both the Administrative

---

[1] The ACLU plaintiffs filed an amended complaint on April 21, 2016. (Doc. 9 in the 236 case.) The amended complaint does not name Equality North Carolina as a plaintiff or Attorney General Cooper as a defendant.

3

Procedure Act and various constitutional provisions (case no. 5:16cv240 (the "240 case")). Finally, on May 10, 2016, an organization called North Carolinians for Privacy filed its own action in support of HB2 in the Eastern District of North Carolina, seeking declaratory and injunctive relief against DOJ and the United States Department of Education related to Title IX, VAWA, the Administrative Procedure Act, and the Religious Freedom Restoration Act (case no. 5:16cv245 (the "245 case")). The 240 and 245 cases have subsequently been transferred to this court and renumbered 1:16CV844 and 1:16CV845, respectively. Following the transfer, this court has granted Senator Berger and Representative Moore's motion to intervene permissively in both this action and in the 236 Case.

**II. ANALYSIS**

Johnson seeks to intervene as a defendant in this case pursuant to Federal Rule of Civil Procedure 24(a) and (b). Each basis will be addressed in turn.

**A. Intervention of Right**

"Under Rule 24(a)(2), a district court must permit intervention as a matter of right if the movant can demonstrate '(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation.'" Stuart v.

4

Huff, 706 F.3d 345, 349 (4th Cir. 2013) (quoting Teague v. Bakker, 931 F.2d 259, 260–61 (4th Cir. 1991)).  The court will not reach the first two factors because it concludes that, assuming (without deciding) they have been met, Johnson has failed to demonstrate that his interests will not be adequately represented by Governor McCrory, DPS, UNC, and the General Assembly (collectively, the "State Defendants").

When a State statute is challenged and a proposed intervenor shares a common objective with the State Defendants to defend the validity of the statute, the proposed intervenor "must mount a strong showing of inadequacy" to be entitled to intervention of right.  Stuart, 706 F.3d at 352.  This is so because, as the Fourth Circuit has explained, "when a statute comes under attack, it is difficult to conceive of an entity better situated to defend it than the government."  Id. at 351.  To rebut the presumption of adequacy, Johnson must show either collusion between the existing parties, adversity of interests between themselves and the State Defendants, or nonfeasance on the part of the State Defendants. See id. at 350, 352–55.

Here, Johnson does not allege collusion, adversity of interests, or nonfeasance.  Instead, he argues that the State Defendants will not adequately represent his interests because, in his view, they are not legitimate representatives of the State of North Carolina.  Johnson appears to believe that all public

5

officials in North Carolina, as well every member of the North Carolina State Bar (i.e., all licensed lawyers), failed to perform a proper oath of office and therefore lack constitutional authority. (Doc. 34 at 2-4.) Johnson further claims to have authority to represent the State's interests in this matter because he is a resident of North Carolina, "an American National, [a] creditor to the UNITED STATES, and a father of two daughters and a grandfather of a baby girl due in October 2016." (See id. at 4.) Finally, Johnson refers to himself as "Attorney in Fact for the STATE OF NORTH CAROLINA," a title he claims to have received by virtue of his status as trustee to a "RESULTING TRUST DECLARATION AND AGREEMENT" filed in the Wake County Register of Deeds Office. (Id. at 3.)

Johnson's claims about the lack of authority of State actors to enact, defend, and enforce State law are frivolous. To the extent he seeks to defend the merits of HB2 as a parent and soon-to-be grandfather, Johnson has failed to allege collusion, nonfeasance, or adversity of interests by those already involved in the action, as required by Stuart. He has therefore failed to demonstrate that he should be permitted to intervene as of right, and his motion on that ground will be denied.

**B. Permissive Intervention**

Johnson also seeks permissive intervention under Rule 24(b). The court may permit anyone who "has a claim or defense that shares

6

with the main action a common question of law or fact" to intervene on timely motion. Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); see Bussian v. DaimlerChrysler Corp., 411 F. Supp. 2d 614, 631 (M.D.N.C. 2006).

In Stuart, the Fourth Circuit also affirmed the district court's denial of permissive intervention. 706 F.3d at 355. The court explained that adding the intervenors would complicate discovery and result in possible delay without accruing any benefit to the existing parties. Id. Here, Johnson's vague and frivolous contentions regarding the oath of office taken by various State officials are completely unrelated to the issues in this case and would require additional discovery and legal analysis on broad issues of State constitutional law. As a result, the court concludes that Johnson's participation would unnecessarily consume additional judicial resources, further complicate the discovery process, potentially delay the adjudication of the case on the merits, and generate little, if any, corresponding benefit to the existing parties. See id.; Brock v. McGee Bros. Co., 111 F.R.D. 484, 487 (W.D.N.C. 1986) (denying permissive intervention where interests were adequately represented and intervention would needlessly increase the cost and delay disposition of the case). This is particularly true now that the court has advanced the trial

7

on the merits, requiring a compressed pretrial discovery schedule. (Doc. 93.) Johnson's motion to intervene permissively will therefore be denied.

**III. CONCLUSION**

For the foregoing reasons,

IT IS THEREFORE ORDERED that the motion to intervene by Steven-Glenn: Johnson (Doc. 34) is DENIED.

/s/ Thomas D. Schroeder<br>United States District Judge

July 25, 2016