UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOAQUÍN CARCAÑO *et al.*,<br><br>   Plaintiffs,<br><br>   *v.*<br><br>PATRICK MCCRORY *et al.*,<br><br>   Defendants | CASE NO. 1:16-CV-00236-TDS-JEP |
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   *v.*<br><br>STATE OF NORTH CAROLINA *et al.*,<br><br>   Defendants | CASE NO. 1:16-CV-00425-TDS-JEP |

**JOINT STATUS REPORT**

Pursuant to the letter submitted to the Court on behalf of all parties on March 7, 2017, the parties hereby submit this joint status report setting forth their positions regarding how the above-captioned matters should proceed.

A.  *Carcaño* Plaintiffs' Position:  The stay entered by this Court on December 16, 2016 terminated by its own terms upon the Supreme Court's "disposition of the [*Gloucester Cty. Sch. Bd. v.*] *G.G.* case," ("*G.G.*") which occurred when the Supreme Court vacated and remanded to the Fourth Circuit.  Text Order (Dec. 16, 2016).

The parties should meet and confer regarding a new discovery and trial schedule, and provide the Court with their proposal(s) no later than April 14, 2017.

A stay pending Fourth Circuit appellate proceedings in *G.G.* and/or in the *Carcaño* case is unwarranted given the substantial delays such a stay would involve, and given the ongoing harms being suffered by tens of thousands of transgender North Carolinians because of H.B.2.

The *Gloucester County v. G.G.* remand may not be argued until September 2017—as requested by counsel for Gloucester County, who is also counsel for Legislative Defendants in the actions pending before this Court—which could delay a Fourth Circuit decision in *G.G.* until 2018. Even if the Fourth Circuit appeals in *G.G.* and the *Carcaño* case were both argued in May 2017, decisions likely would not be issued until months later. Further, such a stay would seem contrary to the Fourth Circuit's order denying a motion to stay pending *G.G.* Order Denying Appellees' Motion to Dismiss and Motion to Place Appeal in Abeyance at 5, *Carcaño v. McCrory*, No. 16-1989 (4th Cir. Dec. 6, 2016), ECF No. 91. At the very least, document discovery, if not full discovery, should proceed in the interim. A stay of all discovery is unwarranted given the passage of time that has already occurred and the ongoing irreparable injury to North Carolina's transgender population.

The *Carcaño* Plaintiffs object to the Legislative Defendants' request that if the Court chooses to lift the stay in whole or in part, the pending motions for protective orders concerning medical records and legislative privilege be resolved before any discovery may continue (see below). If the Court chooses to lift the stay in whole or in

part, the *Carcaño* Plaintiffs have no objection to the pending motions for protective orders concerning medical records and legislative privilege being fully briefed, argued and resolved, but do not agree that discovery, which covers many other areas, should be put on hold pending resolution of those motions.

B. <u>Plaintiff United States' Position</u>: The United States believes a continuation of the stay is warranted pending disposition of *Gloucester* in the Fourth Circuit. In its original November 15, 2016 decision implementing the stay, this Court noted that the stay would "avoid the potentially unnecessary burden of numerous depositions" in light of *Gloucester*'s likely "significant impact on the trial in these cases." These same concerns remain with the Supreme Court's remand. The discovery contemplated by the parties, which included nearly 70 depositions, extensive document discovery, and numerous discovery disputes, is still likely to be significantly affected by the Fourth Circuit's decision.

C. <u>UNC Defendants' Position</u>: This Court should leave the existing stay in place at least until the Fourth Circuit resolves the pending appeals in *Carcaño v. Cooper* and *Gloucester County School Board v. G.G.*

First, the Fourth Circuit's decisions in those appeals could provide important guidance concerning the proper resolution of the *Carcaño* Plaintiffs' statutory and constitutional claims and the Department of Justice's Title IX claim. It makes little sense for this Court to proceed with the resolution of those claims now, only for the Fourth Circuit's decisions to provide guidance suggesting a different analysis later. Second, if the stay does not remain in place, there will be parallel proceedings in the *Carcaño* case

3

Case 1:16-cv-00425-TDS-JEP   Document 244   Filed 03/28/17   Page 3 of 11

in both this Court and the Fourth Circuit, likely resulting in inefficiency and wasted resources. Third, the UNC Defendants oppose resumption of discovery at this time because discovery (especially document discovery) imposes a significant burden that may be avoided completely. Plaintiffs' numerous and incredibly broad document requests purport to require UNC to identify, collect, and produce information from – while continuing to operate – a complex university system that has 17 campuses, 50,000 employees, and more than 225,000 students.[1] It would be extraordinarily wasteful to require the parties to engage in such expensive and burdensome discovery when appellate decisions may soon render such discovery unnecessary.

Contrary to the *Carcaño* Plaintiffs' position, it is not at all clear that this Court's December 16, 2016 Stay Order terminated on its own terms when the Supreme Court vacated and remanded *G.G.* to the Fourth Circuit. The Court's December 16, 2016 Order provided that: "In the interest of judicial economy, upon the agreement of all parties, and for good cause shown, the joint request to stay is GRANTED, and all further proceedings in these cases are STAYED pending disposition of the *G.G.* case pending in the United States Supreme Court." Because the Supreme Court did not issue a dispositive decision in *G.G.*, the case is still pending and the stay appropriately remains in place. Regardless of whether the stay has terminated on its own accord, the justifications that existed for entering a stay in December are still present today.

---

[1] The UNC Defendants preserve all objections to the discovery sought by the United States and *Carcaño* Plaintiffs, including that such discovery is unduly burdensome, is not relevant or proportional to any issue in the case, and violates the attorney-client and work product privileges.

If the Court does choose to lift the stay, the UNC Defendants respectfully request that the Court resolve their pending motions to dismiss before allowing any discovery against them to resume.

D.  <u>Legislative Defendants' Position</u>:  All proceedings should remain stayed until resolution of the pending appeals in *G.G. v. Gloucester County School Board* (4th Cir. No. 15-2056) and *Carcaño v. Cooper* (4th Cir. No. 16-1989). *G.G.*, now on remand following vacatur of the Fourth Circuit's previous decision, does not yet have an argument date. *Carcaño* will be argued on May 10, 2017.

Those two appeals will likely provide important guidance on how Title IX (*G.G.*) and the Equal Protection Clause (*Carcaño*) apply to government policies that provide separate bathroom and similar intimate facilities based on the physiological differences between men and women. That guidance could impact nearly all claims in these cases. In light of that, it would be grossly inefficient to proceed with burdensome discovery when it is still unclear what the relevant legal standards are and what factual questions, if any, will remain to be resolved by this Court following resolution of the appeals. Until appellate proceedings clarify the governing law, the considerations that originally justified a stay continue to apply. Notably, both Plaintiff United States and the UNC Defendants agree with the Legislative Defendants that a stay of all proceedings should continue.

It is feasible for both the *G.G.* and *Carcaño* appeals to be resolved later in 2017. At that point, the parties can meet and confer about a new trial and discovery schedule and provide the Court with a proposal at that time.

Finally, if the Court chooses to lift the stay in whole or in part, the Legislative Defendants respectfully request that the pending motions for protective orders concerning medical records and legislative privilege be resolved before any discovery may continue.

E.  <u>State Defendants' Position:</u>  The State Defendants, namely the State of North Carolina, Governor Roy Cooper in his official capacity, and the North Carolina Department of Public Safety, agree that the parties should confer about a new discovery schedule and provide the Court with their proposals by April 14, 2017.

Respectfully submitted,

/s/ Christopher A. Brook

| | |
|---|---|
| Christopher A. Brook (NC Bar No. 33838) | Jon W. Davidson* |
| Irena Como* | Tara L. Borelli* |
| AMERICAN CIVIL LIBERTIES UNION FOR NORTH CAROLINA LEGAL FOUNDATION | Peter C. Renn* |
| | Kyle A. Palazzolo* |
| Post Office Box 28004 | LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. |
| Raleigh, North Carolina 27611 | |
| Telephone: (919) 834-3466 | 730 Peachtree Street NE, Suite 1070 |
| Facsimile: (866) 511-1344 | Atlanta, GA 30308-1210 |
| cbrook@acluofnc.org | Telephone: (404) 897-1880 |
| | Facsimile: (404) 897-1884 |
| James D. Esseks* | tborelli@lambdalegal.org |
| Elizabeth O. Gill* | prenn@lambdalegal.org |
| Chase B. Strangio* | kpalazzolo@lambdalegal.org |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION | |
| | Scott B. Wilkens* |
| 125 Broad St., 18th Fl. | Luke C. Platzer* |
| New York, NY 10004 | JENNER & BLOCK LLP |
| Telephone: (212) 549-2627 | 1099 New York Avenue, NW Suite 900 |
| Facsimile: (212) 549-2650 | Washington, D.C. 20001-4412 |
| jesseks@aclunc.org | Telephone: (202) 639-6000 |
| egill@aclunc.org | Facsimile: (202) 639-6066 |
| cstrangio@aclu.org | swilkens@jenner.com |
| | lplatzer@jenner.com |

\* Appearing by special appearance pursuant to L.R. 83.1(d).

*Counsel for Carcaño Plaintiffs*

| | |
|---|---|
| Sandra J. Hairston | T. E. Wheeler, II |
| ACTING UNITED STATES ATTORNEY | ACTING ASSISTANT ATTORNEY GENERAL |
| MIDDLE DISTRICT OF NORTH CAROLINA | CIVIL RIGHTS DIVISION |
| UNITED STATES DEPARTMENT OF JUSTICE | |
| 101 South Edgeworth Street, 4th Floor | Shaheena Simons |
| Greensboro, NC 27401 | CHIEF, EDUCATIONAL OPPORTUNITIES SECTION |
| Telephone: (336) 333-5351 | |
| sandra.hairson@usdoj.gov | |
| | Delora L. Kennebrew |
| | CHIEF, EMPLOYMENT LITIGATION SECTION |

Christine Stoneman
CHIEF, FEDERAL COORDINATION AND
COMPLIANCE SECTION

Whitney M. Pellegrino
DEPUTY CHIEF

Dylan N. De Kervor
Sean R. Keveny
Alyssa C. Lareau
Jonathan D. Newton
Candyce Phoenix
Aria S. Vaughan
Taryn Wilgus Null
TRIAL ATTORNEYS
CIVIL RIGHTS DIVISION

/s/ Lori B. Kisch
Lori B. Kisch (DC Bar No. 491282)
SPECIAL LITIGATION COUNSEL
UNITED STATES DEPARTMENT OF JUSTICE
CIVIL RIGHTS DIVISION
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 305-4422
lori.kisch@usdoj.gov

*Counsel for Plaintiff United States*

8

Case 1:16-cv-00425-TDS-JEP   Document 244   Filed 03/28/17   Page 8 of 11

/s/ Thomas C. Shanahan
Thomas C. Shanahan (NC Bar No. 42381)
Carolyn C. Pratt (NC Bar No. 38438)
THE UNIVERSITY OF NORTH CAROLINA
P.O. Box 2688
Chapel Hill, NC 27515
Telephone: (919) 962-3406
Facsimile: (919) 962-0477
ccpratt@northcarolina.edu
tcshanahan@northcarolina.edu

/s/ Glen D. Nager
Glen D. Nager*
Kristen A. Lejnieks*
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
gdnager@jonesday.com
klejnieks@jonesday.com

\* Appearing by special appearance
 pursuant to L.R. 83.1(d)

*Counsel for Defendants the University of North Carolina, the Board of Governors of the University of North Carolina, and W. Louis Bissette, Jr., in his Official Capacity as Chairman of the Board of Governors of the University of North Carolina*

/s/  S. Kyle Duncan
S. Kyle Duncan* (DC Bar No. 1010452)
Gene C. Schaerr* (DC Bar No. 416638)
Stephen S. Schwartz* (DC Bar No. 477947)
SCHAERR | DUNCAN LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 714-9492
Facsimile:  (571) 730-4429
kduncan@schaerr-duncan.com
gschaerr@schaerr-duncan.com
sschwartz@schaerr-duncan.com

/s/ Robert D. Potter, Jr.
Robert D. Potter, Jr. (NC Bar No. 17553)
ATTORNEY AT LAW
2820 Selwyn Avenue, #840
Charlotte, NC 28209
Telephone : (704) 552-7742
rdpotter@rdpotterlaw.com


\* Appearing by special appearance
 pursuant to L.R. 83.1(d)

*Counsel for Intervenor-Defendants Phil Berger and Tim Moore*

Josh Stein
ATTORNEY GENERAL
STATE OF NORTH CAROLINA

/s/ Olga E. Vysotskaya de Brito
Ms. Olga E. Vysotskaya de Brito (NC Bar No. 31846)
SPECIAL DEPUTY ATTORNEY GENERAL

9

/s/ Amar Majmundar
Amar Majmundar (NC Bar No. 24668)
SPECIAL DEPUTY ATTORNEY GENERAL
NORTH CAROLINA DEPARTMENT OF
JUSTICE
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-6821
Facsimile: (919) 716-6759
amajmundar@ncdoj.gov

NORTH CAROLINA DEPARTMENT OF
JUSTICE
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-0185
Facsimile: (919) 716-6759
ovysotskaya@ncdoj.gov

*Counsel for Defendants the State of North Carolina, Gov. Roy Cooper in his Official Capacity, and the North Carolina Dept. of Public Safety*

10

# CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participating attorneys.

This the 28th day of March, 2016.

/s/ S. Kyle Duncan
S. Kyle Duncan* (DC Bar No. 1010452)
SCHAERR | DUNCAN LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 714-9492
Facsimile: (571) 730-4429
kduncan@schaerr-duncan.com